UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAN PAUL PAKES, | No. C-04-5294 VRW (EMC) |
| Petitioner, | |
| v. | **ORDER RE RESPONDENT'S OBJECTIONS TO PETITIONER'S SUPPLEMENTAL WITNESS LIST** |
| JAMES A. YATES, | |
| Respondent. | **(Docket No. 32)** |

Previously, the Court ordered the parties to disclose their witness lists by October 25, 2006, in preparation for the evidentiary hearing on December 11-12, 2006. Mr. Pakes submitted a list on October 25 as ordered but thereafter, on November 15, 2006, submitted a supplemental list, identifying five persons not previously disclosed. The state objected to the supplemental witness list. The Court held a status conference on November 22, 2006, to address this issue.

A.   Milan Pakes, Sr. and Marilyn Pakes

The Court overrules the state's objection. Mr. Pakes reasonably did not know of the need for the testimony of his parents until after taking the deposition of his trial counsel Mr. Chacon. In addition, Mr. Pakes's parents will provide only limited testimony. Accordingly, the state has sufficient time to take their depositions prior to the evidentiary hearing.

B.   Jill Bojarksi, Esq.

The state's objection is essentially moot. At the status conference, Mr. Pakes stated that he did not intend to call Ms. Bojarski as a witness. Ms. Bojarski will be used at most to authenticate a

1 document (*i.e.*, a note reflecting a contemporaneous conversation with trial counsel Mr. Chacon) via
2 a declaration.

C.     Wendie Ruano

The Court sustains the state's objection.  Mr. Pakes's counsel knew about Ms. Ruano prior to October 25, 2006, when the parties' witness lists were due.  Indeed, according to counsel, three years ago, he received a note from Ms. Bojarski telling him about Ms. Ruano.  *See* Sacher Decl. at 3.  Moreover, the probative value of Ms. Ruano's testimony is limited at best.  According to Mr. Pakes's counsel, Ms. Ruano hired Mr. Chacon to represent her brother but fired him after he claimed to have interviewed witnesses when in fact he had not done so.  In the instant case, there is no claim by Mr. Pakes that Mr. Chacon failed to conduct an investigation.  Finally, as discussed below, prior misconduct by a trial attorney should generally be excluded under Federal Rules of Evidence 404(b) and 403.  In addition, " Federal Rule of Evidence 608(b) . . . prohibits the use of extrinsic evidence to prove specific instances of misconduct for the purpose of attacking a witness's credibility."  *Bonin v. Calderon*, 59 F.3d 815, 829 (9th Cir. 1995).

D.     Michelle Bullington

The Court sustains the state's objection.  Apparently, Ms. Bullington would testify that she is a former client of Mr. Chacon and that she called him several times regarding her case but that he failed to get back to her for several weeks.  The probative value of this testimony is limited.  Mr. Pakes does not claim that, in his case, Mr. Chacon failed to respond to him in a timely fashion.  Moreover, prior misconduct by a trial attorney should as a general matter be excluded under Federal Rules of Evidence 404(b) and 403.  In *Bonin v. Calderon*, 59 F.3d at 815, the Ninth Circuit explained:

> Because the essential inquiry is whether the petitioner received objectively reasonable and conflict-free representation, evidence that the attorney may have erred or acted inappropriately in unrelated cases will normally have little, if any, probative value, and may therefore be properly excluded by the district court pursuant to Federal Rule of Evidence 403.  Moreover, because Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," prior acts of misconduct on the part of defense counsel are inadmissible to support a claim that counsel must have acted similarly in a particular case.

2

United States District Court
For the Northern District of California

*Id.* at 828-29.

Mr. Pakes's reliance on *Sanders v. Ratelle*, 21 F.3d 1446 (9th Cir. 1994), is unavailing. First, in *Sanders*, the prior misconduct and the misconduct at issue were generally the same -- *i.e.*, a failure to investigate. *See id.* at 1460 (noting that attorney was disbarred for "'a course of conduct demonstrating a complete indifference to his legal and ethical duties, to the great detriment of his clients'" and that, "[i]n most of these instances, [attorney] was retained by clients and then did nothing to investigate or further their cases" as in the case under consideration). Second, in *Bonin*, the Ninth Circuit specifically distinguished *Sanders*, stating as follows:

> *Sanders* does not hold that prior instances of misconduct or unrelated complaints to state bar associations should ordinarily be admitted as evidence that an attorney acted incompetently or that otherwise presumptively reasonable decisions were actually made due to general disinterest or other impermissible reasons. Indeed, *Sanders* did not concern the admissibility of such evidence at all. Although we held such evidence relevant in *Sanders*, we did not address the standards to be employed by the district court in deciding whether to admit such evidence and the state apparently offered no objection to its admission or use.

*Id.* at 828.

This order disposes of Docket No. 32.

IT IS SO ORDERED.

Dated: November 27, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge