IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MILAN PAUL PAKES,

    Petitioner,

    v

JAMES A YATES, Warden,

    Respondent.

No C-04-5294 VRW

ORDER

After carefully considering the merits of the petition, the response and the traverse, the court referred this habeas corpus matter to a magistrate judge for an evidentiary hearing pursuant to 28 USC § 636(b)(1)(B) and Northern District of California Civil Local Rule 72-1. Order dated September 27, 2006, Doc #21. The magistrate judge filed a Report and Recommendation (R & R) recommending that the writ of habeas corpus be granted. Doc #55. Respondent James A Yates, the warden of Pleasant Valley state prison in Coalinga, California, has filed objections to the R & R. Doc #56.

For the reasons stated herein, the court hereby ADOPTS the R & R in its entirety and GRANTS the petition for habeas corpus.

I

The facts pertinent to the adjudication of the petition were recited in the order of September 27, 2006 (Doc #21) and were summarized in the R & R (Doc #55).  The court referred this matter for an evidentiary hearing before a magistrate judge in order to resolve whether petitioner received constitutionally deficient advice from his counsel and whether petitioner was prejudiced by that advice.  Doc #21 at 24, 30.

> The factual inquiry addressed four questions:
>
> (1) Whether trial counsel misinformed petitioner of the likelihood that he would be convicted under California Vehicle Code § 2800.2.
>
> (2) Whether trial counsel failed to inform petitioner that California Penal Code § 654 might bar conviction and punishment under two separate statutes for the same conduct.
>
> (3) Whether the trial court would have likely instructed the jury on a possible affirmative defense available to petitioner, the lesser included offense of misdemeanor child endangerment, and whether petitioner's counsel failed to inform him of this defense.
>
> (4) Whether trial counsel misled petitioner regarding his likelihood of prevailing on his <u>Romero</u> motion to strike a prior conviction.

Id at 11-24.  All four questions test petitioner's contention that his trial counsel, Miguel Chacon, gave him materially inaccurate advice regarding the likely sentence petitioner would have received if he had been convicted at trial versus that he could expect from the plea bargain to which he ultimately agreed.

\\

The magistrate judge conducted a three-day hearing in which he heard testimony from Chacon, Santa Clara County prosecutor James Gibbons-Shapiro, criminal defense attorney Allen Schwartz (who testified as an expert witness for petitioner), petitioner, his parents and his brother. The ensuing thirty-four-page R & R contained detailed evidentiary findings in favor of petitioner on all four of the questions presented and recommended granting the petition.

Respondent filed objections to the R & R, broadly asserting that the magistrate judge was biased against respondent's witnesses, skeptical toward testimony supporting respondent's position, confused over California criminal law standards and lacking in understanding of applicable federal constitutional standards. Doc #56 at 3.

II

A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 USC § 636(b)(1)(C); FRCP 72(b). A court "may accept, reject, or modify" the magistrate judge's recommendation. Id. Congress, by providing for a de novo "determination" rather than a de novo hearing, "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v Raddatz, 447 US 667, 676 (1980). When dealing with issues of credibility, the district court should rarely reject the magistrate judge's determination because "to do so without seeing and hearing the witness or

3

witnesses whose credibility is in question could well give rise to serious questions * * * ."  Id at 681.

Respondent cites <u>Fisher v Roe</u>, 263 F3d 906, 912 (9th Cir 2001) for the proposition that the magistrate judge's factual findings are reviewed for clear error.  Doc #56 at 4.  <u>Fisher</u>, which concerns an appellate court's review of a district court's factual findings, sets forth a helpful explication of the "clear error" standard.  Noting that many attorneys do not fully comprehend the "arduousness" of the clear error standard, the <u>Fisher</u> court encapsulates that standard colorfully as follows:

> To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated * * *, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.

263 F3d at 912 (quoting <u>Parts and Electric Motors, Inc v Sterling Electric, Inc</u>, 866 F2d 228, 233 (7th Cir 1988)).  This, then, is the standard under which the court reviews respondent's objections to the magistrate judge's findings of fact.

### III

To recap the applicable law regarding the standards applicable to ineffective assistance of counsel (IAC) claims in federal court arising from a petitioner's entry of a guilty plea, due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights:  the right to a jury trial, the right to confront one's accusers and the privilege against self-incrimination.  See <u>Boykin v Alabama</u>, 395 US 238, 242-43 (1969).

\\

4

A criminal defendant who enters a guilty plea on the advice of counsel may generally only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. See <u>Hill v Lockhart</u>, 474 US 52, 56 (1985); <u>Tollett v Henderson</u>, 411 US 258, 268 (1973); <u>United States v Signori</u>, 844 F2d 635, 638 (9th Cir 1988). Petitioner must satisfy the two-part standard of <u>Strickland v Washington</u>, 466 US 668, 687 (1984), by demonstrating that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. <u>Hill</u>, 474 US at 57-59.

In demonstrating that his counsel's performance was deficient, petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 US at 689. Where the issue is whether counsel accurately predicted the sentence a defendant would receive if convicted at trial, "a mere inaccurate prediction, standing alone, would not constitute ineffective assistance." <u>Iaea v Sunn</u>, 800 F2d 861, 865 (9th Cir 1986). Instead, petitioner must show "the gross mischaracterization of the likely outcome * * * [and] erroneous advice on the possible effects of going to trial." Id. To satisfy the prejudice requirement, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill</u>, 474 US at 57-59; <u>Iaea</u>, 800 F2d at 865.

\\

\\

5

A

First, the R & R concluded that petitioner's counsel's failure to inform petitioner of the availability of a viable defense to California Vehicle Code § 2800.2 constituted a gross mischaracterization of the likely sentence combined with erroneous advice on the probable outcome of trial per <u>Iaea v Sunn</u>, 800 F3d 861, 865 (9th Cir 1986). Doc #55 at 13. The R & R set forth eight specific evidentiary findings in support of this conclusion. Doc #55 at 11-12. The R & R further found that petitioner was prejudiced by the advice because, but for counsel's errors in advising him, petitioner would have insisted on going to trial. Id at 27-28. The court agrees with the magistrate judge's conclusions.

Respondent, in this and other objections to the R & R, protests the magistrate judge's weighing of testimony given at the hearing. The availability of a defense on this specific issue hinged in part on whether one or more police cars were behind, and therefore "pursuing," petitioner's vehicle. The prosecution's only evidence in support of this element consisted of the testimony of Adriene, the young girl at issue in the child endangerment charge, at the preliminary hearing. The R & R painstakingly considered the available evidence on this issue and concluded that "there were no marked police cars pursuing [petitioner] until Sgt St Amour started giving chase." Doc # 55 at 10. Particularly persuasive on this point was the evidence at the hearing establishing that the prosecution had no other evidence of pursuing police cars at its disposal. The prosecutor admitted this under oath and the other police reports placed into evidence made no mention of other police

6

cars giving chase. Id. Yet respondent's objection challenges as "clearly erroneous" the magistrate judge's decision to give this evidence greater weight than Adriene's preliminary hearing testimony, arguing that Adriene did not testify before the magistrate judge and that a jury might have believed her. Doc #56 at 9-12. But the R & R systematically details the evidence from the record and the evidentiary hearing that establishes, at the very least, that the prosecution faced significant challenges in trying to establish "pursuit." See Doc #55 at 9-13. There is no basis for disturbing the magistrate judge's factual findings.

Respondent also argues that both the undersigned and the magistrate judge erred in construing "pursuit" under Vehicle Code § 2800.2(a). See order dated September 27, 2006 (Doc #21) at 14; Doc # 55 at 8-9. Respondent, citing <u>Estelle v McGuire</u>, 502 US 62 (1991) for support, asserts that this court's determination that "pursuit" means that a police car must actually be behind the car being pursued runs afoul of the prohibition on federal habeas courts determining state law. Doc #56 at 9. <u>Estelle</u> held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." 502 US at 67-68 (citations omitted). But <u>Estelle</u> is inapposite because this federal court has not reviewed or reexamined a state court's determination of state law in this case. On the contrary, the court specifically called attention to the absence of case law interpreting the meaning of "pursuit" under § 2800.2(a) and,

\\

**7**

1 because petitioner pled guilty, there was no adjudication of legal
2 issues by the state trial court.  Doc #21 at 14.
3        At issue here is the competence of petitioner's trial
4 counsel in advising petitioner prior to the guilty plea and,
5 specifically, how he handled the absence of case law interpreting
6 Vehicle Code § 2800.2.  As the court explained in the order of
7 September 27, 2006,

> [w]ithout a controlling interpretation from a
> California court, the court cannot conclusively
> state that petitioner could not have been
> convicted of violating § 2800.2.  But given the
> obvious uncertainty about the applicability of
> the statutes under which petitioner was charged,
> counsel had the obligation "to inform the
> defendant of the dearth of legal authority, and
> to inform defendant that the legal evaluation of
> the case was based thereon,"

14 citing People v Maguire, 67 Cal App 4th 1022, 1031 (1998).  After
15 taking evidence on the matter, the magistrate judge found that
16 petitioner's counsel failed to inform him of the "dearth of legal
17 authority" interpreting "pursuit" under § 2800.2(a), Doc #55 at 9-
18 13, and that petitioner would not have pled guilty had be known of
19 the problems with the prosecution's case on the Vehicle Code §
20 2800.2 charge.  Doc # 55 at 23.  In reaching this conclusion, the
21 magistrate judge did not merely rely on petitioner's testimony to
22 this effect but also on his conclusion that the plea bargain was
23 "essentially worthless" and would have had little appeal had
24 petitioner been adequately informed.  Id.  The court agrees with
25 the R & R's analysis of these points.
26 \\
27 \\
28 \\

8

B

Regarding the second question, the R & R concluded that (1) petitioner's counsel failed to inform him that California Penal Code § 654 barred multiple punishments for the evasion and endangerment charges and (2) that this failure prejudiced him by inducing him to enter into a plea bargain that did not benefit him. Doc #55 at 13-15, 28-29. "All of the witnesses [at the evidentiary hearing] agreed that Mr Pakes would not likely have been punished for both crimes had he been convicted of both." Id at 28-29. On this point, the R & R cross-references evidence adduced at the hearing that petitioner believed, in entering the plea bargain, that his exposure at trial was to a sentence of fifty years to life, a belief inconsistent with having been inadequately informed of the impossibility of being convicted separately for the two crimes. Doc # 55 at 15:14-16. Respondent has offered nothing more specific than a general complaint about the magistrate judge's weighing of testimony from various witnesses. Accordingly, the court discerns no reason to disturb the magistrate judge's findings regarding the § 654 question.

C

On the third question, the R & R concluded that there was a "strong likelihood" that the trial judge would have instructed the jury of the lesser-included offense of misdemeanor child endangerment under California Penal Code § 273a(b) and that petitioner's counsel failed to inform petitioner of the availability of this defense. Doc #55 at 21. The magistrate judge determined that Chacon's recommendation that petitioner plead

9

guilty to a third strike felony when § 273a(b) provided a defense was based on a gross mischaracterization of the likely outcome by petitioner's counsel. Id. Furthermore, the magistrate judge determined that petitioner was prejudiced by his counsel's deficient performance. Id at 29. The court agrees with the magistrate judge's conclusions.

Respondent does not make specific objections to this finding, but rather asserts generally that the magistrate judge should have given Chacon and Gibbons-Shapiro more deference than petitioner's witnesses. The magistrate judge weighed their testimony against that of petitioner and his mother, Marilyn Pakes. See Doc #55 at 18-21. While the magistrate judge found that whether Chacon informed petitioner of the possibility of a misdemeanor rather than a felony conviction if he chose to go to trial was "a closer question" than others presented in the case, he determined that Chacon did not inform petitioner of the possibility that he might have been convicted of a misdemeanor instead of a felony and thus drawn a lighter sentence because he found petitioner's witnesses more credible on this point. Doc #55 at 18. The magistrate judge noted that the fact that "[petitioner] appeared convinced that he would get 50 years to life if convicted at trial" corroborated his determination. Id. The magistrate judge also carefully considered the testimony of witnesses and the contents of Chacon's research files in determining that Chacon's advice to petitioner had been deficient. Id at 19. The court discerns no basis for interfering with the magistrate judge's determination of the factual issues presented by the third question.

\\

**D**

The fourth and final question the R & R addressed was whether trial counsel misled petitioner as to the likelihood of the trial judge granting his <u>Romero</u> motion. The magistrate judge found that Chacon clouded petitioner's understanding of the trial judge's on-the-record statements by failing to impress upon petitioner how remote the possibility of the trial judge granting the <u>Romero</u> motion actually was. Doc #55 at 22. The magistrate judge cited a letter from petitioner to his father as well as the testimony of criminal practitioner Schwartz that on the facts of petitioner's case, the chances that the trial judge would have granted the Romero motion were "slim to none." Id at 22. Moreover, Gibbons-Shapiro testified at the evidentiary hearing that he knew of no instance in which Judge Lee had granted a <u>Romero</u> motion. Id at 26. The magistrate judge concluded that "there was no material advantage for [petitioner] to enter the plea" and that "[t]he <u>Romero</u> motion would likely have suffered the same fate whether made after plea or after trial." Id.

Respondent argues that the magistrate judge ignored "the strong and compelling testimony" of Chacon and Gibbons-Shapiro that, in general, more Romero motions are granted before trial than after trial and that "50 percent of all Romero motions are granted in Santa Clara County." Doc #56 at 14, 17-18. Respondent also draws special attention to Schwartz's testimony that in his own experience, <u>Romero</u> motions were more often granted before than after trial. Id at 14. But because respondent's evidence can readily be reconciled with the magistrate judge's findings, the latter were not "clearly erroneous." The testimony about <u>Romero</u> motions generally

11

does not effectively undercut the evidence that it was very unlikely that the trial judge in this particular case would grant the motion. Moreover, the "tactical" decision to recommend a guilty plea because of a supposed advantage of bringing a Romero motion before rather than after trial makes little sense if the Romero motion was a long shot under either scenario. Even doubling or tripling a remote chance of success does not appreciably increase the odds of victory.

On a separate point pertinent to the Romero motion, the magistrate judge found that (1) petitioner's prior convictions were unlikely to have been disclosed to the jury if he had gone to trial because child endangerment is a general intent crime not requiring evidence of motive and (2) petitioner's counsel failed to inform petitioner that a jury was not likely to hear about his prior convictions if he chose to go to trial, while the trial judge would decide the Romero motion based on the entire record, including petitioner's prior convictions. Id at 29-31. As evidence of the latter point, the magistrate judge found that Chacon never responded to a letter from the prosecutor announcing his intention to introduce the prior convictions, filed no response to the prosecutor's motion in limine and never moved to strike the priors. Id at 31. The R & R concluded "[t]hese facts indicate that, at the very least, the issue was not a high priority for Mr Chacon and therefore lessens the likelihood that he would have brought up the issue with [petitioner]." Id.

Although the magistrate judge found that "there is not a reasonable probability that Mr Pakes would have refused the plea and opted for trial on this issue alone," he concluded that the failure to inform petitioner about the likely inadmissibility of the prior

**12**

convictions, while in itself not prejudicial, "strengthens the above findings of prejudice flowing from the failure of Mr Chacon to fully inform [petitioner] of his affirmative defenses." Id at 32.  The R & R concluded:  "The fact that Mr Pakes could have proceeded to trial with a likelihood that the priors would have been excluded enhanced the chance of a favorable outcome with the jury and thus increased the chances that Mr Pakes, if adequately informed, would have opted for trial."  Id.  The court agrees with the magistrate judge's conclusions.

Respondent objects to this part of the magistrate judge's analysis by arguing that evidence of petitioner's parole violation and prior convictions would in fact have been admissible before the jury as motive evidence.  Doc #56 at 18, 20.  In support of this position respondent first argues that the magistrate judge should have placed greater weight on the testimony of Chacon and Gibbons-Shapiro than on the testimony of Schwartz.  Id.  Second, respondent argues that the magistrate judge applied the law incorrectly when concluding that evidence of petitioner's parole status and his prior convictions would have been excluded under California Evidence Code § 352 because their probative value was substantially outweighed by the undue prejudice they would cause.  Doc #56 at 18-20.  The cases respondent cites in support of his proposition —— i e, that evidence of petitioner's prior convictions and parole status would have been admissible at trial —— all deal with specific intent crimes, see id at 20, and, therefore, fail to refute the magistrate judge's rationale so far as it is based on child endangerment being a general intent crime.  Additionally, this court agrees that the probative value of introducing petitioner's prior convictions and

13

parole status would have been substantially outweighed by the danger of undue prejudice it may have created to the jury.

We return again to the compass of this court's inquiry: the court's role is not to guess or to determine what would have happened had petitioner elected to go to trial, but rather whether petitioner received constitutionally adequate advice in making the life-altering decision whether to plead guilty or to go to trial. The court finds persuasive the magistrate judge's findings indicating that Chacon took no steps to suppress the evidence of the priors and the inference from this fact and from other evidence that Chacon failed to advise petitioner about the likely inadmissibility of his prior convictions. Schwartz's testimony that the priors should not have been admitted does not necessarily end debate on the inadmissibility of the priors, but makes clear that this issue should have had a higher profile than the evidence shows it did in petitioner's deliberations.

Accordingly, the court adopts the magistrate judge's recommendation.

IV

The court, after reviewing the R & R and respondent's objections thereto, ADOPTS the magistrate judge's recommendations.

The petition for writ of habeas corpus is GRANTED. Pakes' conviction is VACATED and respondent is ordered to release Pakes from custody within sixty (60) days of the date this order is filed unless the State of California initiates criminal proceedings against him. The parties shall file a joint status report with the court within forty-five (45) days of the date of this order.

**14**

1   **The clerk shall send a copy of this order to the Santa**
2   **Clara County Public Defender's Office at 120 West Mission Street,**
3   **San Jose, CA 95110.  The court requests that the Santa Clara County**
4   **Public Defender provide or obtain representation for petitioner if**
5   **he meets the eligibility requirements.**

6   **The clerk is directed to close the file and terminate all**
7   **pending motions.**

9   **IT IS SO ORDERED.**

_____
**VAUGHN R WALKER**
**United States District Chief Judge**